# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JUAN HERNANDEZ,

    Plaintiff,

v.                                                                No. 16-CV-336 MCA/GJF

EDWARD BERUMEN; ROSLYN
WALDEN; JASON DUCAN;
TAMMY RUSH; DR. SERGIO H.
CASTILLO; VERONICA TALL;
VERONICA SHORT; JULIO LNU;
and JACKLYNN LNU,

    Defendants.

## ORDER

      THIS MATTER is before the Court on an Order of our Tenth Circuit Court of Appeals, "partially remand[ing] this matter to the district court to consider whether to construe Hernandez's notice of appeal as a motion to reopen the time to appeal under Fed. R. App. P. 4(a)(6)." *Hernandez v. Berumen*, No. 17-2005 (10th Cir. May 5, 2017). Having considered the filings and the relevant law, the Court construes Plaintiff's *Appeal of Order Dismissing Case* as both a motion to reopen the time to appeal and a concurrent notice of appeal, and hereby **GRANTS** his request to reopen the time to file appeal and accepts and **DOCKETS** his notice of appeal as of the date of this Order.

## BACKGROUND

      Alleging inadequate medical care, negligence, and medical malpractice, Plaintiff Juan Hernandez filed this prisoner *pro se* action along with an application to proceed *in*

1

*forma pauperis* on April 21, 2016. [Doc. 1, 2] Pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Federal Savings and Loan Association v. Wood*, 901 F.2d 849 (10th Cir. 1990), the Court referred this case to the Magistrate Judge to conduct hearings, perform legal analysis, and make a recommendation to the Court. [Doc. 5] On July 20, 2016, after issuing *Orders* to cure deficiencies and receiving responses from Plaintiff [Docs. 4, 6, 7, 8, 10; *see also* Doc. 12], the Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis* and required Plaintiff to pay an initial partial payment. [Doc. 11] The Court mailed the *Order Granting Leave to Proceed* to Plaintiff at the address Plaintiff provided when he filed his *Complaint*, at the U.S. Penitentiary in Tucson, Arizona. However, the *Order* was returned to sender marked "Attempted - Not Known, Unable to Forward." [Doc. 13] The Court was unable to determine Plaintiff's address using the Bureau of Prisons Inmate Locator Service, which indicated that Plaintiff was no longer in the custody of the Bureau of Prisons. [Doc. 14, n.1] Accordingly, the Magistrate Judge issued an *Order to Show Cause*, ordering Plaintiff to show cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's Local Rule 83.6, which requires Plaintiff to apprise the Court of any change in his address. D.N.M. LR-Civ. 83.6. [Doc. 14]

Plaintiff did not respond within the thirty days he was allotted, and, accordingly, this Court entered an *Order* dismissing his case without prejudice on September 12, 2016. [Doc. 17] However, the Court did not enter a separate judgment pursuant to Federal Rule of Civil Procedure 58(a), and, therefore, the dismissal became final on February 9, 2017. Fed. R. Civ. P. 58(c)(2)(B) (stating that, where a separate judgment is

not entered, the judgment is entered 150 days from the "entry in the civil docket"). Plaintiff therefore had until March 13, 2017, thirty days from February 9, 2017, to file a notice of appeal. Plaintiff did not do so.

On March 31, 2017, this Court received a letter from Plaintiff alerting the Court that he had been transferred to another facility and advising the Court of his address. [Doc. 19] The same day, the Court also received a *Motion Requesting Update* from Plaintiff. [Doc. 20] In response, on April 3, 2017, the Court mailed Plaintiff a copy of the docket sheet and the *Order Dismissing Case*. Thereafter, on April 24, 2017, Plaintiff filed his *Appeal of Order Dismissing Case* with this Court. [Doc. 21]

In his *Appeal of Order Dismissing Case*, Plaintiff represents as follows:

> 2. . . . [I]n September 2016, [Plaintiff] was sent on a Writ to El Paso, Texas on a criminal matter unbeknowing (*sic*) to him the date and time he was to be transferred.
>
> The United States Marshal's Service does not allow inmates in transfer to be moved with any property in their possession except for a property slip and therefore Plaintiff did not even have the civil case number to alert the Court to his new address.
>
> The Plaintiff on the day of his transfer on Writ requested that the Receiving and Discharge ("R&D") Staff please allow him to send something to the Court explaining that he was transferring, but, was only allowed to sign a Form stating that all of his mail would be forwarded to an outside (home) address.
>
> 3. Plaintiff is aware that it is crucial that he comply with the Rules in order for the Court to proceed in his civil matter but Plaintiff would like to bring to the court's attention that he is an inmate and did not know in advance that he was leaving the custody of the Bureau of Prisons temporary (*sic*), and specifically did not know when he was leaving on Writ. This is not information that is shared with Plaintiff due to security concerns.
>
> . . .

5. On March 31, 2017, Plaintiff submitted a Change of Address Notification as soon as he was able to locate the Case Number.

[Doc. 21, pp. 3-4]  Plaintiff requests leniency given his *pro se* status and requests the Court to re-open his case because he "informed the Court of his change of address when he was able to do so."[1]  [Doc. 21, p. 4]

**DISCUSSION**

The deadline for Plaintiff to file his notice of appeal was March 13, 2017, and Plaintiff missed that deadline.  Nonetheless, Federal Rule of Appellate Procedure 4(a)(6) allows the Court to reopen the time to file an appeal under limited circumstances.

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

*Id.*  The Court begins its analysis into whether to reopen the period to file an appeal by considering Appellate Rule 4(a)(6)(A).  While the Court mailed Defendant the *Order Dismissing Case* on September 13, 2016, the record reflects that Plaintiff did not receive that mailing. [Doc. 17, Doc. 18; Doc. 21]  Plaintiff first received the *Order Dismissing*

---

[1] Plaintiff does not state whether and when he received his belongings, nor does he explain the approximately six-month delay in his ability to locate his case number.

4

*Case* on April 3, 2017, the second time the Court mailed the *Order* to Plaintiff. *See* Fed. R. Civ. P. 5(b)(2)(C) (service by mail is complete on mailing). April 3, 2017 is more than 21 days after the judgment became final on February 9, 2017 by operation of Federal Rule of Civil Procedure 58(c)(2)(B). Thus, the requirements of Appellate Rule 4(a)(6)(A) are met.

As to Appellate Rule 4(a)(6)(B), the pertinent deadline is the earlier deadline, which, here, is "within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry [of the judgment]." Fed. R. App. P. 4(a)(6)(B). Because the Court mailed the *Order* to Plaintiff, he had an additional three days to file his request, Federal Rule of Civil Procedure 6(d), making his deadline April 20, 2017 (fourteen plus three days after the *Order* was served). According to Plaintiff's *Certificate of Service* attached to his *Appeal of Order Dismissing Case*, he mailed it on April 20, 2017.[2] *See* Fed. R. App. P. 4(c)(1) ("If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."); *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005) (noting that the "prison mailbox rule" stated in Appellate Rule 4(c)(1) has been applied to most inmate filings). Accordingly, the requirement of Appellate Rule 4(a)(6)(B) is met.

---

[2] Verbatim, the *Certificate of Service* states: "This is to certify under penalty of perjury that the enclosed APPEAL OF DISTRICT COURT JUDGMENT was mailed to the Clerk of the United States Court of Appeals for the Tenth Circuit on this 20th day of April, 2017, postage prepaid, first class, via the Institutional Mailroom. And the defendants have been sent a copy as well." [Doc. 21, p. 6] The *Appeal of Order Dismissing Case* was in fact mailed to this Court, and the Court received it on April 24, 2017.

Finally, the Court concludes that "no party would be prejudiced" if the Court reopens the time for the appeal. Fed. R. App. P. 4(a)(6)(C).

> By "prejudice" the Committee means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal. Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal.

Fed. R. App. P. 4 advisory committee's note to 1991 amendment; *see also Shepard v. Rangel*, 658 Fed. Appx. 365, 366-67 (10th Cir. 2016) (unpublished decision) (holding that the district court erred in requiring movant to "prove that defendants would not be prejudiced by a reopening"). Here, particularly given that Defendants have yet to be served, it is hard to identify any prejudice they may have suffered. On the state of the record, there is no indication of prejudice to Defendants.[3]

In sum, all of the requirements of Appellate Rule 4(b)(6) are met, and, therefore, the Court exercises its discretion to reopen the period for Plaintiff to file his notice of appeal. Further, as the Court construes the *Appeal of Order Dismissing Case* as both a request to reopen the time to file appeal and a concurrent notice of appeal, the Court accepts and dockets the notice of appeal as of today's date. *See Faircloth v. Beneze*, No. 12-CV-03317-REB-KLM, 2016 WL 6677591, *5 (D. Colo. November 14, 2016)

---

[3] At this early stage in the case, Plaintiff has not paid his initial partial payment, the case has not been screened for frivolity, and, most importantly, Defendants have neither been served nor ordered to answer. Accordingly, the Court must consider the issue of prejudice without the benefit of briefing by Defendants (or, for that matter, by Plaintiff, who did not address prejudice). Nonetheless, it would not be appropriate to order that the Defendants be served at this stage in the case in order to require briefing on this issue. Accordingly, should this case advance to the point of Defendants being ordered to answer, Defendants may make any such motion regarding prejudice as justice may require.

(construing, after limited remand from the Court of Appeals, one document as a request to reopen the time to file appeal and construing another document as a notice of appeal; accepting notice of appeal and docketing it as of a certain date); *Price*, 420 F.3d at 1162 (stating that the court liberally construes *pro se* pleadings).

**CONCLUSION**

**WHEREFORE, IT IS ORDERED**:

1. The Court construes Plaintiff's *Appeal of Order Dismissing Case* as a motion to reopen the time to file appeal under Fed. R. App. P. 4(a)(6) and a concurrent notice of appeal;
2. Plaintiff's request to reopen the time to file a notice of appeal is **GRANTED**; and
3. Plaintiff's notice of appeal is accepted and **DOCKETED** effective as of today's date.

**SO ORDERED** this 11th day of July, 2017 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge